UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | 18 CR 869 |
| v. | ) | Honorable Manish S. Shah |
| | ) | |
| KEENAN LEE, | ) | |
|     Defendant. | ) | |

**DEFENDANT KEENAN LEE'S MEMORANDUM IN SUPPORT OF HIS
MOTION TO SUPPRESS EVIDENCE**

The defendant, KEENAN LEE (herein after "LEE"), by and through his attorney, Quinn A. Michaelis, submits the following memorandum of law in support of his Motion to Suppress Evidence.

**I.**     **Factual Background**

On May 11, 2018, after receiving information from a confidential informant, that a tan Chevy Tahoe was driving in the vicinity of 66th and Halsted and "was looking to shoot at rival gang members."  The officers soon observed the described vehicle and began to follow it as it entered the I94 expressway.  As they officers continued to follow the Tahoe, the Tahoe appeared to be traveling at a high rate of speed and then quickly exited the freeway without using an indicator.  After using the exit ramp, the Tahoe continued through to re-enter the freeway.  The Tahoe then exited the freeway at 71st and State.  The officers then decided to curb the vehicle, at which point the Tahoe complied.

Officers approached the vehicle and claimed to smell the odor of marijuana coming from the vehicle.  It should be noted that according to the reports created by the Chicago Police Department thus far disclosed to the defense, no marijuana was recovered

from the search of either LEE or the vehicle. The officers, after determining that the driver of the vehicle was LEE, asked both LEE and the passenger to get out of the Tahoe. After this, the officers claim that LEE consented to a protective pat down and to the search of his vehicle. Upon searching the Tahoe, the officer conducting the search removed the center console cupholder, revealing a compartment below containing a firearm.

On December 18, 2018, ATF agents interviewed CI 17995, the confidential informant who had provided information to the arresting officers. CI 17995 claims to have seen LEE pull a firearm from the hidden compartment in the Tahoe. He also provided information that LEE told him he was going to the gym. CI 17995 further provided information regarding LEE's addresses, and information about the kind of car LEE's girlfriend drives.

## II.     Argument

The United States Constitution guarantees the right of persons to be secure from unreasonable searches and of their persons, houses, papers, and effects. U.S. Const. Amend. IV. Evidence must be excluded if it was discovered by exploitation of illegal police conduct *Wong Sun v. United States*, 371 U.S. 471 (1963). "Probable cause" exists to make warrantless arrest when facts and circumstances within officer's knowledge are sufficient for reasonably prudent person to believe that suspect has committed a crime. *United States v. Cortez*, 449 U.S. 411, 418 (1981). To determine whether an officer had probable cause to arrest an individual, a court will examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an

2

objectively reasonable police officer, amount to probable cause. *Ornelas v. United States* 517 U.S. 690, 696 (1996).

The threshold for probable cause to arrest is based upon factual and practical considerations of every day life that could lead a reasonable person to believe that there is a probability that an illegal act has occurred or is about to occur. *United States v. Strickland*, 144 F.3d 412, 416 (6th Cir. 1998). Officers are not required to rule out every possible explanation other than a suspect's illegal conduct before making an arrest, but an arresting officer must be able to articulate concrete facts from which the totality of the circumstances indicates that an arrest is warranted. *Illinois v. Gates*,

      a.      **The Stop of the Vehicle Was Not Supported By Probable Cause.**

Warrantless searches are *per se* unreasonable under the Fourth Amendment. However, "police do not need a warrant to search a vehicle when they have probable cause to believe it contains evidence of criminal activity. *See United States v. Nicksion*, 628 F.3d 368, 377 (7th Cir. 2010); *United States v. Williams*, 627 F.3d 247, 251 (7th Cir. 2010); *United States v. Zahursky*, 580 F.3d 515, 521 (7th Cir. 2009). "Probable cause exists when based on the known facts and circumstances, a reasonably prudent person would believe that contraband or evidence of a crime will be found in the place to be searched." *United States v. Richards*, 719 F.3d 746, 754 (7th Cir. 2013)(internal quotation marks omitted).

When probable cause is based on an informant's tip, the Court must consider the informant's veracity, reliability, and basis of knowledge. *Illinois v. Gates*, 462 U.S. 213, 233 (1983). In evaluating the quality of an informant's tip, the Court may look at whether the informant had first-hand knowledge, the amount of detail provided by the

3

informant, and the extent to which the police corroborated the informant's statements. *United States v. Bell*, 585 F.3d 1045, 1049 (7th Cir. 2009)

The report authored by the Chicago Police Department contains one line regarding the confidential informant: that the officers received information from a confidential reliable law enforcement source. There is no other information about the confidential informant. The report authored by the Chicago Police Department, fails to mention the reliability of the confidential informant, and does not provide any information about the investigation that the Chicago Police Department conducted to verify the information provided by the informant. A later report, authored by the ATF approximately eight months after LEE's initial arrest for possession of a firearm, discusses some information provided by the CI, but again, there is no information provided about the confidential informant's reliability or whether any subsequent investigation was conducted to corroborate the information provided by the CI.

The foundation for probable cause to arrest and search was apparently based on an informant's tip. "Probable cause is a 'fluid concept,' and when an informant is involved, it may turn upon the informant reliability, basis for knowledge, and degree of detail, as well as the ability of the police to corroborate the information." *United States v. Washburn*, 383 F.3d 638 (7th Cir. 2004)(internal citations omitted*).*

Here, probable cause to stop LEE's vehicle was based entirely on the tip provided by CI 17995, a confidential source of unknown reliability. This confidential informant apparently had been with LEE the day of LEE's arrest but provided no further information about his relationship with LEE, his basis for knowing LEE's identity, nor whether he had some kind of bias against LEE. None of the information provided to law

4

enforcement is contained in the arrest report or the incident report. No reports detail the confidential informant's relationship with the Chicago Police department, whether he received compensation or whether other promises were made in exchange for the information he provided. Nothing in any of the reports disclosed to the defense suggests whether the CI was reliable, either in the past or with respect to LEE. The report is also silent about whether the Chicago Police Department attempted to corroborate the information the informant provided about LEE, or whether they had ever corroborated any information he had provided in the past. The statement contained in the Chicago Police Department report lacks sufficient detail to determine if the confidential source's information was reliable and contained no detail. The confidential informant's "tip" was insufficient to provide probable cause to stop LEE's vehicle under the and the evidence discovered during the subsequent search should be excluded.

    **b. The Search of The Vehicle Was Not Made Pursuant to Valid Consent.**

The Supreme Court's long-established precedent holds that it is "well-settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Shneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). The government bears the burden of proving, by preponderance of the evidence, that the consent was freely and voluntarily given. *United States v. Garcia*, 897 F.2d 1413, 1419 (7th Cir. 1990). Consent is determined from the totality of the circumstances. *Bustamonte*, 412 U.S. at 226.

Although the stop and search of LEE was caught on multiple body warn cameras worn by the responding officer, it is unclear whether LEE affirmatively consented to the search of his vehicle. In the videos provide to the defense, while one officer asks if he

5

can search LEE's vehicle, another officer is talking over him and instructing LEE to move to the back of the vehicle. LEE's answer is entirely obscured by the other sounds captured on the body worn cameras. Furthermore, LEE is surrounded by officers who are physically directing him around the vehicle. If the Court finds that the government has met its burden and that LEE provided verbal consent to search his vehicle the Court must still consider the circumstances "that must be examined when considering whether the consent was voluntary or coerced [including] such factors as the defendant's age, education and intelligence, the advisement of his rights, his custodial status, and the length and possible coercive nature of his detention prior to his consent." *United States v. Navarro*, 90 F.3d 1245, 1256 (7th Cir. 1996) (citing *United States v. LaGrone*, 43 F.3d 332, 333-34 (7th Cir. 1994), *United States v. Kozinski*, 16 F.3d 795, 810 (7th Cir. 1994)). Even if LEE consented originally to the protective pat down of his body, once he stepped out of the vehicle he was ordered to put his hands over his head. He was surrounded by officers who directed his movements. They ordered him to step around to the back of the vehicle. At this point it was clear that the circumstances of the traffic stop were of such a nature as to suggest that LEE's consent was not given freely.

**III. Conclusion:**

In light of the above, Defendant KEENAN LEE respectfully requests this court for an evidentiary hearing in order to more fully develop the relevant facts and circumstances asserted herein; and, at the conclusion of that hearing enter its Order suppressing as evidence all evidence gained as a result of the illegal search of KEENAN LEE's vehicle, including the firearm, and for any other such relief the Court deems just and proper.

Respectfully submitted,

/s/Quinn A. Michaelis

Quinn A. Michaelis
Attorney For KEENAN LEE
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2019, I electronically filed the above

**<u>DEFENDANT KEENAN LEE'S MEMORANDUM IN SUPPORT OF THE MOTION TO SUPPRESS</u>**

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on April 16. 2019.

By His Attorney,

s/ Quinn A. Michaelis

Quinn A. Michaelis
Attorney For KEENAN LEE
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920